UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL D. SIMS,

        Plaintiff,

        v.

SETH HUBER, *et al.*,

        Defendants.

Case No. C06-5171 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: JULY 28, 2006**

    This Civil Rights action has been referred to Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has applied for and received *in forma pauperis* status. (Dkt. # 8). By this action, plaintiff seeks to invoke this court's jurisdiction to dismiss state criminal charges against him. By order dated May 23, 2006, plaintiff was ordered to show cause why this action should not be dismissed for failure to state a claim. (Dkt. # 7). He has failed to do so. For the reasons stated below, the Court should dismiss this action pursuant to <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971).

**DISCUSSION**

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements

ORDER
Page - 1

are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

This action appears to challenge the propriety of charges filed in superior court, seeking dismissal of that criminal case in this case.  Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45- 46 (1971);  see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972).  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied,  449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. Younger, 401 U.S. at 46, 53-54.

## **CONCLUSION**

Every prong of the Younger abstention doctrine is present and each prong favors abstention. There is an ongoing state criminal proceeding.  At issue is an alleged assault at a state facility which implicates state interests and plaintiff has adequate opportunity to litigate any federal constitutional issues in his ongoing state litigation.   Accordingly, this Court should **DISMISS** this action**.**  This will allow plaintiff to litigate his claim in State Court and only after doing so should he consider what, if any, issue is left and whether he wishes to proceed in Federal Court with that claim or issue.

ORDER
Page - 2

1     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
2 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.
3 P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.
4 Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
5 set the matter for consideration on **July 28, 2006**, as noted in the caption.

7     DATED this 3rd day of July, 2006.

                                        /s/ Karen L. Strombom
                                        Karen L. Strombom
                                        United States Magistrate Judge